22UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CARLO R. VARTINELLI,**<br><br>Plaintiff,<br><br>v.<br><br>**NORBERT FRONCZAK**,<br><br>Defendant. | 2:22-cv-12498-TGB-DRG<br><br>HON. TERRENCE G. BERG<br>HON. DAVID R. GRAND<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 23) AND GRANTING MOTION TO DISMISS (ECF NO. 15)** |

This matter is before the Court on a Report and Recommendation from Magistrate Judge David R. Grand dated August 31, 2023, ECF No. 23, recommending that the Motion to Dismiss of Defendant Norbert Fronczak, ECF No. 15, be granted. Plaintiff Carlo Vartinelli filed an objection, ECF No. 26, to the Report and Recommendation. For the reasons set forth below, that objection will be overruled, and the Report and Recommendation will be accepted and adopted as this Court's findings of fact and conclusions of law.

### I. BACKGROUND[1]

Vartinelli brought this civil rights lawsuit claiming that prison assistant librarian Fronczak retaliated against him for exercising his

---

[1] Vartinelli takes issue with the statement of facts as "completely failing to identify the pleaded factual claim of retaliation in denying Vartinelli[sic] access to the courts claim." ECF No. 26, PageID.177. Nevertheless, because he did not explicitly object to the recitation of the

1

First Amendment right to file grievances and subjected him to inhumane treatment and cruel and unusual punishment in violation of his Eighth Amendment rights. ECF No. 23, PageID.157. He sought declaratory judgment, monetary damages, injunctive relief, and costs. ECF No. 1, PageID.9–10. At the time of these incidents, Vartinelli was incarcerated at the Michigan Department of Corrections' ("MDOC") Macomb Correctional Facility. He is now at the MDOC's G. Robert Cotton Correctional Facility.

      Vartinelli alleges that on June 18, 2019, Fronczak screamed at and verbally berated him with "profanity and demeaning language" referencing the crime he was convicted of, hearing problems, and not caring about the MDOC's policy on humane treatment or prisoner complaints. *Id.* at PageID.3. He then filed a written grievance. *Id.* at PageID.4–5. Then on September 22, 2019, Vartinelli alleges that Shift Commander Lieutenant Peter Neuberger spoke with him to investigate the grievance. *Id.* at PageID.5–6. There were allegedly similar incidents during law library callouts on July 24, 2020 when Vartinelli was requesting copies and August 12, 2020 when Fronczak yelled at another prisoner. *Id.* at PageID.7.

---

facts, the statement of facts in the Report and Recommendation is adopted.

## II. STANDARD OF REVIEW

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1)(C). On September 18, 2023, Vartinelli filed an objection, ECF No. 26, to the Report and Recommendation. ECF No. 23. While the objection arrived a few days after the 14-day period, the slight postal mail delay is acceptable, and the objection and its certificate of service are timely dated September 11, 2023. ECF No. 26, PageID.173, 186.

The district court will make a "*de novo* determination of those portions of the report … to which objection is made." 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*. Where neither party objects to the report, the district court is not obligated to independently review the record. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

Fronczak replied that the objection did not specifically point to any fact-finding or legal errors and only recited arguments such that the objection did not comply with Federal Rule of Civil Procedure 72(b)(2)

3

and Eastern District of Michigan Local Rule 72.02,[2] and that the Court does not have to review the R&R at all. ECF No. 25, PageID.170. Though the form of the objection is not perfect, the Court will review it in full and carefully using a *de novo* standard of review. *See generally Haines v. Kerner*, 404 U.S. 519 (1972).

### III. DISCUSSION

The motion to dismiss raised a Rule 12(b)(6) failure to state a claim for which relief can be granted for alleged First Amendment retaliation and Eighth Amendment violations as well as qualified immunity and a failure to plead intentional infliction of emotional distress. ECF No. 15. The R&R determined dismissal based on failure to state a claim upon which relief can be granted for the federal constitutional claims, and it did not reach the question of qualified immunity. The Court now reviews each of Plaintiff's three objections and overrules them in turn.

> Objection 1. "This Honorable Court should overrule the Magistrate's 'R&R' because Vartinelli facially pleaded a cause of action under 42 USC § 1983, and dismissal under Rule 12(b)(6) is legally improper and based on partial review of pleaded facts." ECF No. 26, PageID.177.

Judge Grand applied the proper standard of review for a Rule 12(b)(6) motion to dismiss for failure to state a claim when determining that Vartinelli's First Amendment retaliation claim was legally insufficient. As the R&R states in its standard of review section, "[a]

---

[2] There is no Local Rule 72.02 and Local Rule 72.2 is not relevant to this case since it regards a dispositive motion to dismiss.

4

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). With the pleaded facts—taken in the light most favorable to the Plaintiff and factoring in leniency granted to pro se litigants—the Court cannot reasonably draw an inference that Fronczak is liable for the claimed constitutional violation. Further, Judge Grand did not improperly weigh evidence or determine credibility, as Vartinelli objects, in making that determination. ECF No. 26, PageID.178, 182.

The Sixth Circuit's holding in *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) (en banc), governs First Amendment claims where prisoners allege that a prison official retaliated against them.

> A retaliation claim has three elements: 1) the prisoner engaged in protected conduct; 2) an adverse action was taken against the prisoner that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) a causal connection exists between the first two elements, *i.e.,* the prisoner's protected conduct motivated at least in part the adverse action.

*Scott v. Kilchermann*, 230 F.3d 1359 (Table), 2000 WL 1434456, at *2 (6th Cir. 2000) (citing *Thaddeus-X*, 175 F.3d at 394) (internal citation removed).

The R&R does not clearly state whether Vartinelli engaged in protected conduct. For purposes of this Order, the Court adopts Plaintiff's

5

assertion that his filing of grievances constitutes protected speech. ECF No. 26, PageID.179. Judge Grand's analysis focuses instead on the second prong of the prima facie case: Vartinelli's failure to plead that an adverse action was taken against him. The R&R cites Sixth Circuit, Eastern District of Michigan, and Western District of Michigan cases to explain: "The law is clear that a prison official's mere use of harassing or degrading language, while inappropriate, does not constitute a sufficiently adverse action for purposes of a First Amendment retaliation claim." ECF No. 23, PageID.160–61. It further finds that "Vartinelli's allegations that Fronczak had ill-tempered outbursts and used demeaning and harassing language against him in retaliation for his pursuing 'oral and written grievances' against Fronczak fall short of stating a sufficiently adverse action within the meaning of a First Amendment retaliation claim." *Id.* at PageID.161. In other words, the R&R considered whether the alleged retaliation was sufficiently grave that it would deter a prisoner of ordinary firmness from continuing to file grievances about the prison official's alleged misconduct, and the R&R concluded that it would not.

Vartinelli objects, arguing that whether the purported adverse action "would deter a person of ordinary firmness from continuing to engage in that conduct … is a question of fact" and should go to a jury unless it is truly inconsequential. ECF No. 26, PageID.179–80 (quoting *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002)). Here, the evidence is

6

clear that Vartinelli has continued the protected conduct of filing grievances. He filed at least two other grievances against Fronczak. ECF No. 1, PageID.15. Indeed, as unjust, crude, and obnoxious as the allegations against Vartinelli appear to be, this alleged conduct does not seem to deter prisoners of ordinary firmness, who continue to file grievances (and lawsuits) against him.[3] Vartinelli's grievances were investigated and dismissed. The fact that Defendant was suspended at one point demonstrates that the grievances may be having some impact, but it has no bearing on whether his conduct meets the test for First Amendment retaliation. ECF No. 26, PageID.177.

      Vartinelli makes a conclusory assertion that Defendant's actions against him are "rooted to his failed verbal and physical threats to engage Vartinelli in violent[sic] which would resulted[sic] in severe consequences, including criminal charges." ECF No. 26, PageID.180. The Court does not see and cannot infer any physical violence or potential criminal charges in the allegations. Though one could imagine that calling Vartinelli a "rapist" could conceivably incite violence from other prisoners who may overhear it, such violence did not occur, and if it had, it would be difficult to trace it as an adverse action that Defendant

---

[3] Multiple cases have been filed in the Eastern District of Michigan against Fronczak with similar retaliation claims. *See, e.g., Campisi v. Fronczak* (No. 23-12320), *Annabel v. Fronczak* (No. 23-12346), *Neal v. Fronczak* (No. 20-12498), *Annabell, II v. Fronczak* (No. 23-11123), and *Williams v. Macomb Correctional Facility, et al.* (No. 20-10584).

himself was motivated to take because Plaintiff filed grievances. It is more appropriate for an Eighth Amendment failure-to-protect claim. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Vartinelli did not mention such a claim in his objection. Although the alleged conduct is here is condemnable as unprofessional and verbally abusive, it does not rise to the level of a violation of a constitutional right.

In fact, the Sixth Circuit has ruled: "An inmate has no right to be free from verbal abuse," and "minor threats do not rise to the level of a constitutional violation." *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002) (citing *Ivey v. Wilson,* 832 F.2d 950, 954–55 (6th Cir. 1987) and *Thaddeus-X,* 175 F.3d at 398) (cleaned up). Without a properly pleaded adverse action, Vartinelli cannot establish causation with the alleged protected conduct so the retaliation claim cannot proceed. This objection is **OVERRULED**."

In this objection, though it is a slightly different argument, Vartinelli makes conclusory assertions that Fronczak undermined or refused his access to the courts. ECF No. 26, PageID.179, 181–82. This kind of allegation differs from the First Amendment retaliation claim. But even considering a potential "right to access the courts" claim, it fails because Plaintiff does not allege facts showing any actual injury in the litigation for his state criminal case. *See Lewis v. Casey,* 518 U.S. 343, 349–51 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). After resolving the miscommunication about which specific

paperwork Vartinelli had to present to the law library for additional research time on his callout due to an upcoming court deadline, he was allowed two additional hours for a total of six hours per week. ECF No. 1, PageID.13. And, in any event, Vartinelli did not plead a constitutional violation based on any denial of his "access to the courts" in the complaint. ECF No. 1, PageID.8–10. He cannot raise it now in a legal brief. *Cf. Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020).

> Objection 2. "Under clearly established law, Vartinelli made a prima facie First Amendment retaliation claim; particularly when the Supreme Court clarified that a speaker's words 'want his words to be received as threats.'" ECF No. 26, PageID.178.

As discussed above, Judge Grand found Vartinelli did not "meet his burden to show that it was clearly established that Fronczak's verbal abuse and demeaning behavior was a sufficiently adverse action for purposes of First Amendment retaliation." ECF No. 23, PageID.162 n.3. Therefore, the Court's analysis of objection 1 above also applies to objection 2 because there was no prima facie First Amendment retaliation claim. The Court will construe the objection 2 as challenging the "clearly established constitutional right" prong of qualified immunity. The plaintiff's burden to overcome qualified immunity is a high bar, higher than what is required to survive a Rule 12(b)(6) motion to dismiss. Because Vartinelli's allegations failed to state a claim of violating the

9

clearly established law of First Amendment retaliation[4] and Fronczak pleads qualified immunity, the claims must be dismissed at this stage. Thus, this objection is **OVERRULED**.

> Objection 3. "This Court should reject the Magistrate's Recommendation to decline exercise of supplemental jurisdiction to Vartinelli's state 'IIED claim.'" ECF No. 26, PageID.182.

The Court reviewed Judge Grand's determinations on Vartinelli's failure to state a constitutional claim and concludes that his recommendation is well-taken and legally correct. Once the Court has dismissed all federal claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over the state claims under Michigan law. 28 U.S.C. § 1367(c)(3). Exercising its discretion, the Court declines to do so and dismisses all claim in their entirety. This objection is **OVERRULED**.

## IV. CONCLUSION

For these reasons, Vartinelli has not shown that Judge Grand erred in his conclusions of fact or law, and his objections, to the extent they relate to the Report and Recommendation at all, are overruled. Judge Grand correctly determined that Plaintiff Vartinelli's right to freely exercise his speech by orally complaining and filing written grievances and to be free from cruel and unusual punishment were not infringed

---

[4] Because Vartinelli does not raise any objections regarding to his Eighth Amendment claim, the Court does not discuss them.

10

when Defendant Fronczak verbally abused him. While Fronczak's conduct falls far below the standards of professionalism and respect for the basic dignity of persons being held in state custody that this Court and civilized society expects, it did not violate Vartinelli's constitutional rights.

It is hereby **ORDERED** that:

- Magistrate Judge Grand's Report and Recommendation of August 31, 2023, ECF No. 23, is **ACCEPTED** and **ADOPTED**;
- the Motion to Dismiss of Defendant Norbert Fronczak, ECF No. 15, is **GRANTED**; and
- the Complaint is **DISMISSED with prejudice.**

The Clerk of the Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Dated: January 30, 2024      /s/Terrence G. Berg
　　　　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE